UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61368-WPD

VINCENT MINIO,                              )
                                            )
            Plaintiff,                      )
v.                                          )
                                            )
SOUTH BROWARD HOSPITAL DISTRICT,            )
d/b/a Memorial Healthcare System            )
                                            )
            Defendant.                      )
                                            )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, South Broward Hospital District, d/b/a Memorial Healthcare System, ("Defendant"), by and through undersigned counsel submits its Answer and Affirmative Defenses, responding to each numbered paragraph of Plaintiff's Complaint as follows:

1.  Defendant admits that Plaintiff was a former employee of Defendant but denies that Plaintiff is entitled to any relief whatsoever.

2.  The allegations contained in Paragraph 2 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever, but admits, for jurisdictional purposes only that this Court has jurisdiction.

3.  Defendant admits that it is located in this judicial district but denies any and all remaining allegations in Paragraph 3 of the Complaint.

4.  Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 4 and therefore denies same.

5.  Admitted.

6.  Admitted.

7. Defendant admits that Defendant hired Plaintiff, but Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Denied.

9. Defendant admits that it maintains records concerning the hours worked by Plaintiff, but denies that Defendant is in the exclusive possession and sole custody and control of all records concerning the number of hours actually worked by Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

10. There is no factual allegation contained in Paragraph 10 of the Complaint. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

## COUNT I

Defendant incorporates by reference the responses contained in paragraphs 1 through 10 above.

11. Denied.

12. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph immediately following Paragraph 12 of the Complaint.

## DEMAND FOR JURY TRIAL

In response to Plaintiff's demand for jury trial, Defendant denies that there are any issues so triable.

## GENERAL DENIAL

Unless specifically admitted to herein, Defendant denies each and every allegation contained in Plaintiff's Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES

As separate and distinct defenses to Plaintiff's Complaint, Defendant, without conceding that it has the burden of proof, subject to applicable law, asserts the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages (if any) under the Fair Labor Standards Act, including any liquidated damages, are barred, in whole or in part, to the extent that Defendant's actions were taken in good faith in conformity with and reliance upon established rulings, administrative regulations or interpretations, and/or advice of counsel.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies any liability to Plaintiff.  In the event, however, that Plaintiff prevails on his Fair Labor Standards Act claims, such claims are subject to a two-year statute of limitations, because Defendant did not know or act with reckless disregard for its obligations under applicable law and therefore, any alleged violation was not willful.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was exempt from overtime pursuant to section 13(a)(1) of the FLSA pursuant to the executive exemption.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was exempt from overtime pursuant to Section 13(a)(1) of the FLSA pursuant to the administrative exemption.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiff's unpaid overtime activities, to the extent any actually existed, were non-compensable by express contract, custom, policies, or practice.  Plaintiff's

claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for non-compensable time.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the time for which Plaintiff alleges that he had not been compensated involves only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff violated Defendant's timekeeping and recordkeeping policies, including but not limited to, failing to report accurately time worked or working outside regularly scheduled work hours without authorization and without recording said work time, Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Any amounts due to the Plaintiff should be set off by payments that are learned through discovery to be overpayments received by Plaintiff from Defendant.

## RESERVATION

Defendant reserves the right to raise additional affirmative defenses as discovery progress and as the interests of justice require.

Dated:  August 24, 2018               Respectfully submitted,

              By: /s/Jenna Rinehart Rassif
                Jenna Rinehart Rassif, Esq.
                Florida Bar Number: 56855
                E-mail: jenna.rassif@jacksonlewis.com
                Daniel J. Butler, Esq.
                Florida Bar Number:  111398
                E-mail:  daniel.butler@jacksonlewis.com
                JACKSON LEWIS P.C.
                One Biscayne Tower, Suite 3500
                2 South Biscayne Boulevard
                Miami, Florida 33131
                Telephone:  305-577-7600
                Facsimile:  305-373-4466
                *Attorneys for Defendant, South Broward Hospital District d/b/a Memorial Healthcare System*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

              By: /s/Daniel J. Butler
                Daniel J. Butler, Esq.

Case No. 18-cv-61368-WPD

# SERVICE LIST

**United States District Court for the Southern District of Florida**
**Vincent Minio v. South Broward Hospital District d/b/a Memorial Healthcare System**

**Case No. 18-cv-61368-WPD**

| | |
|---|---|
| Chad Levy, Esq. (0851701)<br>Law Offices of Levy & Levy, P.A.<br>1000 Sawgrass Corporate Parkway<br>Suite 588<br>Sunrise, Florida 33323<br>Telephone:  (954) 763-5722<br>Facsimile:  (954) 763-5723<br>Email:  chad@levylevylaw.com<br>Service E-mail:  assistant@levylevylaw.com<br><br>*Attorneys for Plaintiff* | Jenna Rinehart Rassif, Esq. (56855)<br>E-mail: jenna.rassif@jacksonlewis.com<br>Daniel J. Butler, Esq. (111398)<br>E-mail: daniel.butler@jacksonlewis.com<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131-2374<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br><br>*Attorneys for Defendant* |

4829-5219-2880, v. 1